

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
Poydras Center
650 Poydras Street,
Suite 1900
New Orleans LA 70130
Tel 504 208-1755
Fax 504 208-1759
www.jacksonlewis.com

| ALBANY NY | GREENVILLE SC | MONMOUTH COUNTY NJ | RALEIGH NC |
| ALBUQUERQUE NM | HARTFORD CT | MORRISTOWN NJ | RAPID CITY SD |
| ATLANTA GA | HONOLULU HI* | NEW ORLEANS LA | RICHMOND VA |
| AUSTIN TX | HOUSTON TX | NEW YORK NY | SACRAMENTO CA |
| BALTIMORE MD | INDIANAPOLIS IN | NORFOLK VA | SALT LAKE CITY UT |
| BIRMINGHAM AL | JACKSONVILLE FL | OMAHA NE | SAN DIEGO CA |
| BOSTON MA | KANSAS CITY REGION | ORANGE COUNTY CA | SAN FRANCISCO CA |
| CHICAGO IL | LAS VEGAS NV | ORLANDO FL | SAN JUAN PR |
| CINCINNATI OH | LONG ISLAND NY | PHILADELPHIA PA | SEATTLE WA |
| CLEVELAND OH | LOS ANGELES CA | PHOENIX AZ | ST. LOUIS MO |
| DALLAS TX | MADISON, WI | PITTSBURGH PA | TAMPA FL |
| DAYTON OH | MEMPHIS TN | PORTLAND OR | WASHINGTON DC REGION |
| DENVER CO | MIAMI FL | PORTSMOUTH NH | WHITE PLAINS NY |
| DETROIT MI | MILWAUKEE WI | PROVIDENCE RI | |
| GRAND RAPIDS MI | MINNEAPOLIS MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (504) 208-5843
MY EMAIL ADDRESS IS: CHARLES.SEEMANN@JACKSONLEWIS.COM

November 14, 2016

**VIA ELECTRONIC CASE FILING**
Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Dyke v. T. Rowe Price Retirement Plan Services*
        No. 1:16-cv-02540-RER

Dear Judge Reyes:

  This office represents defendant, T. Rowe Price Retirement Plan Services, Inc. ("T. Rowe Price"), in the above-referenced action. Pursuant to Section III(B) of Your Honor's Individual Practice Rules, we write to request a pre-motion conference on a motion to enforce the parties' settlement.

  As advised in the parties' status call on November 4, the parties had reached a settlement, which was reduced to writing and sent to plaintiff, Desmond Dyke, for execution. On November 11, plaintiff's counsel, Raymond Ragues, wrote the Court to advise that Mr. Dyke "will not accept the terms of the settlement offer." As described below, and as will be demonstrated in upcoming submissions, the parties had an enforceable settlement that should terminate this litigation.

  After the Court inquired about settlement during a September 8 status conference, the parties initiated a settlement dialogue. This dialogue culminated in a full, final and enforceable settlement on October 4. After a telephone conversation on acceptable terms, the undersigned e-mailed plaintiffs' counsel to memorialize the parties' agreement. In summary, the terms explicitly set forth in the e-mail included:

- A modest cash payment;
- Protection for T. Rowe Price from involvement in any subsequent litigation that Mr. Dyke might bring against his ex-wife or anyone else, based on the facts recited in the complaint;
- A "standard" confidentiality provision in a written settlement agreement; and
- An agreement that the parties would bear their own costs.

Mr. Ragues replied succinctly: "We have a settlement. He [Mr. Dyke] simply wants to expedite the closing as soon as possible. Will you please forward the closing documents for signature?"

In an e-mail dated October 21, defense counsel transmitted a formal settlement agreement, following up by phone and e-mail over the next two weeks. In a November 3 telephone call, plaintiff's counsel (Mr. Ragues) confirmed that the settlement agreement had been transmitted to Mr. Dyke, and that the parties were only awaiting a signed copy of the settlement agreement. As the Court will recall, this representation was made again in the parties' November 4 conference with the Court. Indeed, the Court even issued a minute entry following the telephone conference, including the notation "Case settled."

In a surprise move, Mr. Ragues wrote the Court on November 11, suggesting that the parties had not, in fact settled. In response, the Court reinstated the existing case-management schedule.

T. Rowe Price now seeks a pre-motion conference,[*] because it is entitled to enforce the parties' settlement, as memorialized in the as-yet-unsigned settlement agreement. It is well-established that these circumstances give rise to an enforceable settlement. *See, e.g., Pierre v. Chase Investment Servs., Inc.*, 2013 U.S. DIST. LEXIS 28515 (S.D.N.Y. Feb. 25, 2013). Indeed, the specific terms of the settlement are laid out in a settlement agreement that Mr. Dyke now refuses to sign. Accordingly, T. Rowe Price will ask the Court to adopt the settlement agreement as the judgment of the Court.

Before the settlement was reached, T. Rowe Price was preparing to depose Mr. Dyke. These plans were set aside due to the parties' settlement. Accordingly, T. Rowe Price also respectfully requests that discovery and other proceedings by stayed, pending resolution of the motion to enforce settlement.

---

[*] In conjunction with this request for a pre-motion conference, defense counsel has also made formal demand upon Mr. Dyke to abandon his effort to continue litigating these settled claims. This request also demands compliance from Mr. Dyke by Friday, November 18 – *i.e.*, when a response to this letter is due. Failing that, T. Rowe Price also intends to request an award of attorneys' fees pursuant to 28 U.S.C. §1927, 29 U.S.C. 1132(g), and any other applicable law.

We welcome further guidance from the Court.

Very truly yours,

JACKSON LEWIS P.C.

Charles F. Seemann III
Principal

CFS/kd

cc:     Counsel for Plaintiff